UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDGAR GOODWIN, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | No. 1:05-cv-71 |
| | ) | *Edgar* |
| HAMILTON COUNTY, | ) | |
| CHATTANOOGA POLICE DEPARTMENT, | ) | |
| OFFICER JOHN AND JANE DOES, | ) | |
| | ) | |
|     *Defendants.* | ) | |

## **M E M O R A N D U M**

Plaintiff Edgar Goodwin ("Goodwin") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Edgar Goodwin ("Goodwin") is an inmate at the Hamilton County Jail in Chattanooga, Tennessee. Although Goodwin's complaint is difficult to decipher, the Court has discerned Goodwin to allege that he was experiencing mental problems when his brother flagged down a Chattanooga police officer requesting medical assistance for Goodwin. The officers transported Goodwin to Fortwood Medical Facility but, "John Doe #1 Police Officer . . . did not . . . allow plaintiff out" of the patrol vehicle to speak with the Fortwood staff members [Court File No. 7]. Goodwin contends that when he asked the officers to release him they initially refused to do so, but when they did finally allowed him to exit the police cruiser they handcuffed him. After speaking for several minutes with Supervisor John Doe #3 Police Officer, plaintiff contends Supervisor John Doe #3 pulled out a Taser gun and for no reason, while plaintiff was still in handcuffs, shot him with the Taser. Plaintiff claims he was brutally beaten when Chattanooga Police Officers, John Doe #3, #4, #5, #6, #7, #8 sprayed him with pepper spray, shot him with a Taser, hit him with fists in the back of his neck and face, kicked him, and choked him. Goodwin contends that John Doe #9 failed

1

to intervene to stop the excessive force that was being used against him. Goodwin claims he was subsequently taken to Erlanger Hospital, where he received a shot, and then he was transported to Mocassin Bend by the Hamilton County Sheriff's Department.

For the reasons discussed below, the complaint will be **DISMISSED** for failure to state a claim.

## I. *Standard of Review*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995).

Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair

2

notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard,* 76 F.3d at 726; *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard,* 76 F.3d at 726 (citations omitted).

In addition, the Court also screens a prisoner complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e).

### *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir., 1997). We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court
>
> from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

## II. *Identity of Parties*

Goodwin identified the defendants as Hamilton County, the Chattanooga Police Department, and Officers John and Jane Does in the style of his case. The Court previously determined the entity, Chattanooga Police Department, was not a suable entity under § 1983 and dismissed all claims against the Chattanooga Police Department.

The Court directed the plaintiff "to file an amended complaint, identify each and every defendant he is suing, and identify each and every unconstitutional act each defendant is alleged to have committed" [Court File No. 6]. Plaintiff filed a timely amended complaint as directed by the Court. However, plaintiff did not provide the name for each defendant he had identified as John or Jane Doe defendants, nor did he specify in what capacity he was suing each defendant.

### A. *Hamilton County*

Plaintiff identifies Officer Adams of the Hamilton County Sheriff's Department as the officer who transported him from Erlanger Medical Center to Mocassin Bend Mental Hospital. Officer Adams is entitled to a judgment as a matter of law for two reasons. First, plaintiff makes no allegation that Officer Adams violated his constitutional rights. Second, as the complaint does not indicate whether Officer Adams is being sued in his official capacity, individual capacity, or both, he is treated as being sued only in his official capacity; however, plaintiff has failed to state a claim against Officer Adams in his official capacity.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th

Cir.), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub,* 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown,* 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner,* 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of Hamilton County. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991); *Wells,* 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendants they are being sued as individuals. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'"
*Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not equivalent to the complaint in the *Moore* case.

Hamilton County is identified in the style of the case as a defendant and as Hamilton County Sheriff Deputy C/O Adams in the in the body of the amended complaint. Goodwin does seek monetary damages. However, although the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, that alone is not sufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002);*United States ex. rel. Diop v. Wayne County Community College*, 242 F.Supp.2d 497 (E.D. Mich. 2003). Thus, absent any clear indication in the complaint that the defendant is being sued in his individual capacity, the Court must assume he is being sued in his official capacity. *Id.* at 772.

A claim against this defendant in his official capacity is treated as being an action against Hamilton County. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992). Accordingly, the Court must presume that defendant has been sued in his official capacity only. Because the defendant has been sued only in his official capacity as an officer of Hamilton County, the Court must proceed as if the plaintiff has in fact sued the County. Therefore, in order to prevail plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Hamilton County--caused harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Goodwin must identify the policy, connect the policy to the county

itself, and show that the particular injury was incurred because of the execution of that policy; all of which Goodwin has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Goodwin does not allege that the violation of his rights resulted from any policy or custom on the part of Hamilton County. Moreover, Goodwin does not allege that Officer Adams committed any unconstitutional act. Consequently, the defendant, Officer Adams, is entitled to judgment as a matter of law.

### B. Officer John and Jane Does

Plaintiff failed to comply with the Court's order when he failed to identify, by name, Officers John and Jane Does. Although plaintiff claims Chattanooga Police Officers inflicted two (2) wounds to his neck, bruises, and other injuries, he failed to identify the Chattanooga Police Officers who allegedly inflicted these injuries by name, rather, he identified them as Officer John Doe #1, #3- #9, and Officer Jane Doe #2. Regardless of how plaintiff identified the defendants, his failure to sue them in their individual capacity results in the complaint being dismissed because the defendants are entitled to judgment as a matter of law. As discussed previously, a suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara,* 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub,* 954 F.2d

1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown,* 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner,*

855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997).

Plaintiff has not indicated that Officer John Does #1, #3- #9 and Officer Jane Doe #2 are sued in their individual capacity but merely identifies them as Chattanooga Police Officers. Therefore, absent a clear indication these officers are sued in their individual capacities, the Court construes this action as brought against the Chattanooga Police Officers in their official capacities. Accordingly, the Court must proceed as if the plaintiff has in fact sued the City of Chattanooga. Thus, to prevail, the plaintiff must show that the alleged violation of his rights resulted from acts representing official policy or custom adopted by the City of Chattanooga. Plaintiff has not demonstrated that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the City of Chattanooga. Nor has plaintiff demonstrated that he has suffered harm because of a constitutional violation or that a policy or custom of the entity--in this case, the City of Chattanooga--caused harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Goodwin must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy; all of which Goodwin has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d at 363-64.

Goodwin does not allege that the violation of his rights resulted from any policy or custom on the part of the City of Chattanooga. Consequently, the defendant officers of the Chattanooga Police Department are entitled to judgment as a matter of law.

Accordingly, the complaint and amended complaint will be **DISMISSED** *sua sponte* for

failure to state a claim. 28 U.S.C. § 1915(e) [Court File No. 3, 7]**.**

     A judgment will enter.

                                            */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                               CHIEF UNITED STATES DISTRICT JUDGE